UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIE C. ST. AMANT | CIVIL ACTION |
| VERSUS | |
| CITIFINANCIAL, INC. | NO. 13-CV-00674-SDD-RLB |

## RULING

Plaintiff, Marie C. St. Amant, has asserted a claim against Defendant, CitiFinancial, Inc.'s (n/k/a CFNA Receivables (MD), Inc.), for allegedly failing to comply with the response provisions in 12 U.S.C. §2605(e) of the Real Estate Settlement Practices Act (RESPA). CitiFinancial seeks dismissal of St. Amant's *Complaint*[1] under Rule 12(b)(6) of the Federal Rules of Civil Procedure because St. Amant failed to allege that CitiFinancial was the servicer of her loan, for failing to allege damages, and because St. Amant's letter is not a qualified written request (QWR) for purposes of RESPA.[2] St. Amant opposes the motion arguing that she has identified CitiFinanical as her loan servicer and that she has alleged actual damages.[3] St. Amant also relies heavily on the Seventh Circuit decision, *Catalan v. GMAC Mortgage Company*, to support her argument that her letter does amount to a QWR.[4] CitiFinancial has also filed a *Reply*.[5]

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 8. CitiFinancial's argument that St. Amant's letter was never received requires the Court to look beyond those pleadings that may be considered on a Rule 12(b)(6); such argument is best reserved for a summary judgment motion.
[3] Rec. Doc. 15.
[4] 629 F.3d 676 (7th Cir. 2011).
[5] Rec. Doc. 16.

It is the Court's responsibility when deciding a Rule 12(b)(6) motion to dismiss to "'accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[6]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[7]  To survive a Rule 12(b)(6) motion the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[8]

Accepting all of the well-plead facts of the *Complaint* as true, the Court finds that under the federal notice-pleading standard Plaintiff has pled sufficient facts that CitiFinancial has been sued as St. Amant's loan servicer.  For the same reasons, the Court also finds that Plaintiff has alleged actual damages.

The Court also finds that St Amant's letter to CitiFinancial satisfies RESPA's requirements to be deemed a QWR to survive dismissal under Rule 12(b)(6).  As the *Catalan* court explained, "RESPA does not require any magic language before a servicer must construe a written communication from a borrower as a qualified written request and respond accordingly."[9]  The court further noted that "[t]o be a qualified written request, a written correspondence must reasonably identify the borrower and account and must 'include a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.'"[10]  Hence, "[a]ny reasonably stated written request for account information can be a qualified written

---

[6] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[7] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, at 570 (2007).
[9] 629 F.3d at 687.
[10] *Id.*

request" and that "any request for information made with sufficient detail is enough under RESPA to be a qualified written request and thus to trigger the servicer's obligations to respond."[11]

Although RESPA does not require any magic language for a communication to be deemed a QWR, St. Amant shall file an *Amended Complaint* in which she shall provide additional factual allegations in support of her RESPA claim by April 28, 2014.

Accordingly, CitiFinancial's *Motion to Dismiss* is hereby DENIED.[12]

Signed in Baton Rouge, Louisiana, on April 7, 2014.

_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[11] *Id.*
[12] Rec. Doc. 8.